UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MIIR HOLDINGS, LLC, a Washington limited liability company,

Plaintiff,

v.

TESLA, INC., a Texas corporation,

Defendant.

No. 2:26-cv-01836

COMPLAINT

JURY DEMAND

Plaintiff MiiR Holdings, LLC, ("Plaintiff") by and through its attorneys, and for its Complaint against Defendant Tesla, Inc. ("Defendant"), hereby alleges as follows:

## I.    NATURE OF LAWSUIT

1.    This is an action for patent infringement, trade dress infringement, false designation of origin, unfair competition, and violations of the Washington Consumer Protection Act under the laws of the United States and Washington State.

2.    Plaintiff is an award-winning Seattle company that designs and sells premium stainless-steel drinkware, kitchenware, barware, and other products. As a design pioneer, Plaintiff strongly believes in the benefits of fair and active competition to drive innovation in the marketplace. It is this commitment to innovation coupled with Plaintiff's cornerstone ethos of stewardship that has earned Plaintiff worldwide accolades for its products and services. In fact,

COMPLAINT
CASE NUMBER 2:26-CV-01836 - 1

1612019308.1

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

Plaintiff donates a percentage of the revenues from every product it sells to groundbreaking initiatives directed to clean water, a healthy environment and strong communities.

3.    Plaintiff brings this action against Defendant because Defendant flouts the boundaries of lawful competition by copying Plaintiff's product designs and trade dress.

4.    In light of Defendant's misconduct, Plaintiff seeks to stop Defendant's illegal conduct and obtain compensation for the violations that have occurred thus far.

## II.    PARTIES

5.    Plaintiff is a Washington limited liability company with a principal place of business at 4000 156th Street NE, Suite 100, Marysville, Washington 98271.

6.    Defendant Tesla, Inc. is a Texas corporation with a principal place of business at 1 Tesla Road, Austin, Texas 78725. Defendant registered with the Washington Secretary of State on June 16, 2009. Its local registered agent is C T Corporation System, 711 Capitol Way S Ste 204, Olympia, Washington 98501-1267.

## III.    JURISDICTION AND VENUE

7.    The Court has subject matter jurisdiction under 15 U.S.C. § 1121 (action arising under the Lanham Act); 28 U.S.C. § 1331 (Federal Question Jurisdiction); 28 U.S.C. § 1338(a) (any Act of Congress relating to patents or trademarks); 28 U.S.C. § 1338(b) (action asserting claim of unfair competition joined with substantial and related claims under the trademark laws); and 28 U.S.C. § 1367 (Supplemental Jurisdiction).

8.    This Court has personal jurisdiction over Defendant because Defendant has engaged in substantial business activities in and directed to this judicial district. Defendant has purposefully availed itself of the privilege of conducting activities within this district, including operating retail locations, service centers, and distribution centers in Washington; recruiting and employing persons in Washington; and selling, offering for sale, and distributing products to customers. Defendant also committed acts of infringement within this judicial district. The claims contained in this Complaint arise out of these activities.

COMPLAINT
CASE NUMBER 2:26-CV-01836 - 2

1612019308.1

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

9. Venue is proper under 28 U.S.C. § 1391(b) and (c) because Defendant transacts business within this judicial district and offers for sale in this judicial district products that infringe Plaintiff's patents and trade dress. In addition, venue is proper because Plaintiff's principal place of business is in this judicial district. Moreover, a substantial part of the events giving rise to the claims occurred in this judicial district.

10. Venue is further proper under 28 U.S.C. § 1400(b) because Defendant has committed acts of infringement in this judicial district and has regular and established places of business in this judicial district, including retail locations, service centers, and distribution centers in King and Snohomish Counties.

## IV. **BACKGROUND**

**A. Plaintiff's Innovations And Stewardship**

11. Plaintiff was established in 2010 to address a need in the drinkware industry for accessible, beautifully designed, reusable water bottles.

12. It has now grown into an award-winning design company engaged in the worldwide sale, manufacture, import, distribution and marketing of drinkware, kitchenware, and accessories. Plaintiff designs each one of its innovative products in-house.

13. Plaintiff's designs have earned national and international acclaim. Plaintiff's designs have been recognized by the International Design Excellence Award from the Industrial Designers Society of America, the European Product Design Award, the Good Housekeeping Best Coffee and Tea Award, the Urban Hiker Classic Pick Award from Backpackers.com, and the Editors' Choice award from Outdoor Gear Lab for its Pourigami pour-over coffee system.

14. Plaintiff is known not only for its innovations, but also for its commitment to stewardship, with its foundational commitment to help millions of people around the world gain better access to clean drinking water. Since 2010, this commitment to charitable and philanthropic activities has grown alongside its extraordinary worldwide growth.

COMPLAINT
CASE NUMBER 2:26-CV-01836 - 3

1612019308.1

**K&L GATES LLP**
**925 FOURTH AVENUE**
**SUITE 2900**
**SEATTLE, WASHINGTON  98104-1158**
**TELEPHONE: +1 206 623 7580**
**FACSIMILE: +1 206 623 7022**

15.    For example, Plaintiff recognizes its responsibility to protect the environment. It recognizes that human-caused environmental degradation threatens healthy markets, healthy businesses, and the overall quality of life. Plaintiff measures its carbon footprint annually and it so successfully manages its carbon impact that it has achieved The Climate Label Certification for the past four (4) years.

16.    In fact, Plaintiff contributes at least 1% of its annual sales to environmental nonprofit causes – earning it the 1% For the Planet Certification every year since 2017.

17.    Plaintiff's commitment to stewardship is so integrated as a foundational value that it donates a percentage of revenues for each and every product it sells to nonprofit organizations that advance environmental stewardship and support community empowerment.

**B.    Plaintiff's Intellectual Property Portfolio**

18.    Recognizing early the value of its innovations, Plaintiff invested considerable resources into growing an extensive intellectual property portfolio that includes design patents and trade dress rights.

**1.    Plaintiff's Design Patent Portfolio**

19.    Plaintiff protected its innovative designs through design patents issued by the United States Patent and Trademark Office ("USPTO"). Plaintiff's design patents cover the ornamental features of Plaintiff's well-known product designs.

20.    Lid For Cup. For example, Plaintiff owns all right, title, and interest in and to U.S. Design Patent No. D1,015,803 for a Lid for Cup (hereafter the "'803 Patent"). The '803 Patent is valid and enforceable. A true and correct copy of the '803 Patent is attached hereto as Exhibit 1.

21.    The Plaintiff's 360 Traveler Tumbler Lid embodies the design of the '803 Patent:

COMPLAINT
CASE NUMBER 2:26-CV-01836 - 4

1612019308.1

**K&L GATES LLP**
**925 FOURTH AVENUE**
**SUITE 2900**
**SEATTLE, WASHINGTON  98104-1158**
**TELEPHONE: +1 206 623 7580**
**FACSIMILE: +1 206 623 7022**

| '803 Patent | Plaintiff's 360 Traveler Tumbler Lid |
|---|---|
| | |

## 2.    Trade Dress Rights

22.    Plaintiff also owns an extensive trade dress portfolio for its innovative product designs. Since its inception, Plaintiff has created and developed unique, distinctive and non-functional designs for Plaintiff's drinkware and other products.

23.    <u>360 Traveler Tumbler.</u> Plaintiff owns trade dress rights in the overall combination and arrangement of the distinctive, non-functional elements of Plaintiff's 360 Traveler Tumbler shape, comprised of: (1) the three-dimensional configuration of a cylindrical beverage container with a solid, saucer-shaped circular lid, and a circular, rounded-edge base; (2) where the circumference of the solid, saucer-shaped circular lid is perpendicular to the sides of the cylindrical beverage container; and (3) where the vertical sides of the cylindrical beverage container seamlessly connect to the circular, rounded-edge base; displayed below:

COMPLAINT
CASE NUMBER 2:26-CV-01836 - 5

1612019308.1

**K&L GATES LLP**
**925 FOURTH AVENUE**
**SUITE 2900**
**SEATTLE, WASHINGTON  98104-1158**
**TELEPHONE: +1 206 623 7580**
**FACSIMILE: +1 206 623 7022**



*12 Ounce
360 Traveler*        *24 Ounce
360 Traveler*

("Plaintiff's Product Shape Trade Dress ").

24.     Plaintiff has been using Plaintiff's Product Shape Trade Dress continuously, substantially and exclusively since at least as early as January 26, 2022.

25.     <u>Vertical Logo Placement.</u> Plaintiff owns trade dress rights in Plaintiff's vertical placement of the MIIR trademark etched upon Plaintiff's drinkware, as pictured below:

COMPLAINT
CASE NUMBER 2:26-CV-01836 - 6

**K&L GATES LLP**
**925 FOURTH AVENUE**
**SUITE 2900**
**SEATTLE, WASHINGTON  98104-1158**
**TELEPHONE: +1 206 623 7580**
**FACSIMILE: +1 206 623 7022**

1612019308.1

*Camp Cup*        *360 Traveler*        *Flip Traveler*

("Plaintiff's Vertical Logo Placement Trade Dress").

26.    Plaintiff has been using Plaintiff's Vertical Logo Placement Trade Dress continuously, substantially and exclusively since at least as early as 2011.

27.    Plaintiff owns separate, distinctive, source identifying trade dress rights in Plaintiff's Product Shape Trade Dress and Plaintiff's Vertical Logo Placement Trade Dress.

28.    Plaintiff also owns distinctive, source identifying trade dress rights in the overall combination and arrangement of Plaintiff's Product Shape Trade Dress and Plaintiff's Vertical Logo Placement Trade Dress ("Plaintiff's Product Configuration Trade Dress").

29.    Plaintiff's drinkware is radically different from the reusable water bottles that preceded them – due to a design, configuration and appearance that includes a clean linear style and vertical logo placement. The end result is an elegant product more aesthetically designed than previously available drinkware. Plaintiff's Product Configuration Trade Dress for Plaintiff's drinkware immediately became associated with Plaintiff.

30.    Plaintiff's Product Configuration Trade Dress was selected for its distinctive, ornamental, and source-identifying appearance. The claimed combination and arrangement of

COMPLAINT
CASE NUMBER 2:26-CV-01836 - 7

1612019308.1

**K&L GATES LLP**
**925 FOURTH AVENUE**
**SUITE 2900**
**SEATTLE, WASHINGTON  98104-1158**
**TELEPHONE: +1 206 623 7580**
**FACSIMILE: +1 206 623 7022**

features are aesthetic in nature and are not essential to the use or purpose of the drinkware. These features do not affect the cost or quality of the product in any utilitarian way. Numerous alternative designs are available to competitors for reusable drinkware, including alternative product shapes, lid configurations, base contours, and logo placements.

31.     Plaintiff's Product Configuration Trade Dress – the individual elements and collectively – are distinctive, non-functional, well-recognized and constitute valid, protectable and enforceable trade dress rights.

32.     Over the years, Plaintiff has expended substantial time, money, efforts and resources advertising, promoting, developing and marketing Plaintiff's Product Configuration Trade Dress and goods offered thereunder. Plaintiff's website, social media accounts and other marketing materials all promote and display Plaintiff's Product Configuration Trade Dress.

33.     Plaintiff's Product Configuration Trade Dress has been featured in many third-party publications and media which recognize the unique, sleek designs contained as part of Plaintiff's Product Configuration Trade Dress.

34.     As a result of Plaintiff's continuous, substantial and exclusive use of Plaintiff's Product Configuration Trade Dress and the substantial advertising, marketing, and promotion efforts by Plaintiff, Plaintiff's Product Configuration Trade Dress has acquired substantial consumer recognition and goodwill, has acquired distinctiveness and secondary meaning, and has come to be widely recognized by the public as identifying Plaintiff's goods and/or services, and has become an important source indicator of Plaintiff's goods and/or services.

**C.     Defendant's Wrongful Conduct**

35.     Defendant engaged and continues to engage in a campaign to systematically and unlawfully infringe upon Plaintiff's '803 Patent and Plaintiff's Product Configuration Trade Dress.

**1.     Defendant's Patent Infringement**

36.     Defendant has imported and/or sold in the United States its "On The Road Tumbler" product with a lid that infringes the claim of the '803 Patent:

COMPLAINT
CASE NUMBER 2:26-CV-01836 - 8

1612019308.1

**K&L GATES LLP**
**925 FOURTH AVENUE**
**SUITE 2900**
**SEATTLE, WASHINGTON  98104-1158**
**TELEPHONE: +1 206 623 7580**
**FACSIMILE: +1 206 623 7022**



| '803 Patent | On The Road Tumbler Lid |
|---|---|
| *Fig. 1* | |
| *Fig. 2* | |
| *Fig. 3* | |
| *Fig. 4* | |

COMPLAINT
CASE NUMBER 2:26-CV-01836 - 9

1612019308.1

**K&L GATES LLP**
**925 FOURTH AVENUE**
**SUITE 2900**
**SEATTLE, WASHINGTON 98104-1158**
**TELEPHONE: +1 206 623 7580**
**FACSIMILE: +1 206 623 7022**



*Fig. 5*

*Fig. 6*

*Fig. 7*

37.    Defendant offers the On The Road Tumbler for sale on its website and retail stores in the United States, including in Washington.

38.    In the eyes of an ordinary observer, the design of Defendant's On The Road Tumbler lid is substantially the same as the design claimed in the '803 Patent, giving such attention that a purchaser of drinkware in the relevant price range usually gives.

COMPLAINT
CASE NUMBER 2:26-CV-01836 - 10

1612019308.1

**K&L GATES LLP**
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

39. The overall impression of the On The Road Tumbler lid design and the claimed design is substantially the same, namely, the impression made by the designs' shape, silhouette, and configuration.

**2.    Defendant Infringes Plaintiff's Product Configuration Trade Dress**

40. Rather than innovate and develop its own unique style and design for Defendant's stainless-steel drinkware, Defendant instead chose to substantially copy that of Plaintiff after Plaintiff's Product Configuration Trade Dress became distinctive and acquired widespread consumer recognition as identifying and distinguishing Plaintiff's goods from those of others.

41. Defendant was aware of Plaintiff's Product Configuration Trade Dress because Defendant has purchased and/or considered purchasing products from Plaintiff in the past.

42. Specifically, Defendant copied Plaintiff's Product Shape Trade Dress in Defendant's On The Road Tumbler ("Infringing Drinkware").

43. Defendant's "On The Road Tumbler" is a three-dimensional beverage container with the following elements: (1) a solid, saucer-shaped circular lid, and a circular, rounded-edge base; (2) the circumference of the solid, saucer-shaped circular lid is perpendicular to the sides of the cylindrical beverage container; and (3) the vertical sides of the cylindrical beverage container seamlessly connect to the circular, rounded-edge base ("Infringing Product Shape Trade Dress"). Defendant's use of these combined elements is likely to result in consumer confusion given Defendant's wholesale copying of Plaintiff's Product Shape Trade Dress, displayed below:

COMPLAINT
CASE NUMBER 2:26-CV-01836 - 11

1612019308.1

**K&L GATES LLP**
**925 FOURTH AVENUE**
**SUITE 2900**
**SEATTLE, WASHINGTON  98104-1158**
**TELEPHONE: +1 206 623 7580**
**FACSIMILE: +1 206 623 7022**

| Plaintiff's 360 Traveler Tumbler | Defendant's On The Road Tumbler |
|---|---|
| *12 Ounce Traveler Tumbler* | *14 Ounce On The Road Tumbler* |

44. Defendant's Infringing Product Shape Trade Dress infringes upon Plaintiff's Product Shape Trade Dress.

45. In addition, Defendant infringes upon Plaintiff's Vertical Logo Placement Trade Dress through Defendant's vertical placement of its logo etched upon Defendant's drinkware, pictured below:



*On The Road Tumbler*

("Infringing Vertical Logo Placement Trade Dress").

46. The combined Infringing Product Shape Trade Dress and Infringing Vertical Logo Placement Trade Dress ("Infringing Drinkware Design") infringes Plaintiff's Product Configuration Trade Dress.

47. The Parties use their respective trade dress in association with the exact same types of goods, namely drinkware.

COMPLAINT
CASE NUMBER 2:26-CV-01836 - 12

1612019308.1

**K&L GATES LLP**
**925 FOURTH AVENUE**
**SUITE 2900**
**SEATTLE, WASHINGTON  98104-1158**
**TELEPHONE: +1 206 623 7580**
**FACSIMILE: +1 206 623 7022**

48.    The Parties' goods travel in overlapping channels of trade and are marketed to the same class of purchasers. Both Parties offer and sell their drinkware products directly to consumers through their respective websites.

49.    Defendant has sold its products to consumers in Washington directly through its website.

50.    Defendant's adoption of Plaintiff's Product Configuration Trade Dress has been purposeful, willful and with knowledge of Plaintiff's prior designs. Defendant continued to use, market and promote infringing products bearing Plaintiff's Product Configuration Trade Dress.

51.    Defendant's continued use, marketing and promotion of the Infringing Drinkware Design is likely to result in consumer confusion, mistake or deception as to the source or origin of the Infringing Drinkware because the public is likely to believe that the Infringing Drinkware is sponsored by, approved by, licensed by or otherwise affiliated with or legitimately connected to Plaintiff, when it is not.

52.    Defendant's continued use, marketing and promotion of the Infringing Drinkware will result in the misappropriation of, and the profiting off of, the goodwill of Plaintiff, because consumers are likely to be confused in their purchasing efforts.

53.    Defendant's use, promotion, and marketing of the Infringing Drinkware is unlawful, and constitutes trade dress infringement, unfair competition, false designation of origin, and amounts to misappropriation and profiting off of the goodwill of Plaintiff's Product Configuration Trade Dress, all of which results in injury to Plaintiff.

## V.    CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### INFRINGEMENT OF THE '803 PATENT
### 35 U.S.C. § 271

54.    Plaintiff re-alleges upon information and belief, and incorporates by reference, as if fully set forth herein, all of the preceding paragraphs.

COMPLAINT
CASE NUMBER 2:26-CV-01836 - 13

1612019308.1

**K&L GATES LLP**
**925 FOURTH AVENUE**
**SUITE 2900**
**SEATTLE, WASHINGTON  98104-1158**
**TELEPHONE: +1 206 623 7580**
**FACSIMILE: +1 206 623 7022**

55.    The '803 Patent, entitled "Lid for Cup," was duly and lawfully issued by the USPTO on February 27, 2024.

56.    Plaintiff is the owner of the entire right, title and interest in the '803 Patent and possesses all right of recovery under the '803 Patent, including the right to recover damages.

57.    Defendant has directly infringed and continues to directly infringe the '803 Patent by making, using, selling, and/or offering for sale in the United States and/or importing into the United States Defendant's On The Road Tumbler lid in violation of 35 U.S.C. § 271(a).

58.    Defendant's acts of making, using, importing, selling and/or offering for sale infringing products have been without license, permission, or authorization from Plaintiff.

59.    Without limiting the foregoing, Defendant has infringed at least Claim 1, the only claim, of the '803 Patent as described herein.

60.    An ordinary observer familiar with the prior art would be deceived into believing Defendant's On The Road Tumbler lid is the same and/or substantially similar to the patented design in the '803 Patent.

61.    The overall impression of the On The Road Tumbler lid design and the claimed design is substantially the same, namely, the impression made by the designs' shape, silhouette and configuration.

62.    Defendant's wrongful acts have caused, and if not enjoined will continue to cause, irreparable and continuing harm to Plaintiff. Plaintiff has no adequate remedy at law because monetary damages are inadequate to compensate Plaintiff for injuries caused by Defendant.

63.    As a result of Defendant's wrongful acts, Plaintiff has incurred damages in an amount to be proven at trial.

COMPLAINT
CASE NUMBER 2:26-CV-01836 - 14

1612019308.1

**K&L GATES LLP**
**925 FOURTH AVENUE**
**SUITE 2900**
**SEATTLE, WASHINGTON  98104-1158**
**TELEPHONE: +1 206 623 7580**
**FACSIMILE: +1 206 623 7022**

## SECOND CLAIM FOR RELIEF
### UNFAIR COMPETITION, FALSE DESIGNATION OF ORIGIN AND TRADE DRESS INFRINGEMENT UNDER THE LANHAM ACT
### 15 U.S.C. § 1125(a)(1)(A)

64.     Plaintiff re-alleges upon information and belief, and incorporates by reference, as if fully set forth herein, all of the preceding paragraphs.

65.     Plaintiff's Product Configuration Trade Dress is valid and protectable.

66.     Plaintiff owns all of the right, title, interest and goodwill in Plaintiff's Product Configuration Trade Dress in conjunction with its goods.

67.     Plaintiff holds the first, superior right to use Plaintiff's Product Configuration Trade Dress.

68.     Plaintiff has continuously, substantially and exclusively used Plaintiff's Product Configuration Trade Dress long before Defendant.

69.     Plaintiff has expended substantial resources promoting Plaintiff's Product Configuration Trade Dress such that it has become identified in the minds of consumers exclusively with the source of Plaintiff's drinkware.

70.     Plaintiff's Product Configuration Trade Dress — the individual elements and collectively — are distinctive and nonfunctional.

71.     Defendant has used the Infringing Drinkware Design in interstate commerce.

72.     Defendant's use of Plaintiff's Product Configuration Trade Dress — the individual elements and collectively — is likely to cause confusion, or to cause mistake, or to deceive, as to an affiliation, connection, or association with Plaintiff, or as to Plaintiff's sponsorship or approval of Defendant's Infringing Drinkware Design, products, services and/or commercial activities, when Plaintiff did not and does not consent to any use by Defendant.

73.     Defendant's wrongful acts constitute unfair competition, false designation of origin and trade dress infringement in violation of 15 U.S.C. § 1125(a).

COMPLAINT
CASE NUMBER 2:26-CV-01836 - 15

1612019308.1

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

74. Defendant's wrongful acts have caused, and if not enjoined will continue to cause, irreparable and continuing harm to Plaintiff's Product Configuration Trade Dress, business, reputation and goodwill. Plaintiff has no adequate remedy at law because monetary damages are inadequate to compensate Plaintiff for injuries caused by Defendant.

75. As a result of Defendant's wrongful acts, Plaintiff has incurred damages in an amount to be proven at trial.

**THIRD CLAIM FOR RELIEF**
**WASHINGTON CONSUMER PROTECTION ACT**
**RCW 19.86.090**

76. Plaintiff re-alleges upon information and belief, and incorporates by reference, as if fully set forth herein, all of the preceding paragraphs.

77. Defendant has engaged in unfair and/or deceptive acts and/or practices within the meaning of the Washington Consumer Protection Act ("Washington CPA"), RCW 19.86.010-19.86.920, by adopting, marketing, offering for sale, and selling in Washington the Infringing Drinkware Design so as to trade on Plaintiff's goodwill and to cause consumers to believe, mistakenly, that Defendant's goods are affiliated with, sponsored by, approved by, or otherwise connected with Plaintiff.

78. Defendant's unlawful actions occurred in the conduct of Defendant's trade in the state of Washington and affecting people within the state of Washington.

79. Defendant's unlawful actions affect the public interest. Defendant's use of the Infringing Drinkware Design in connection with Defendant's goods is likely to cause the public to be confused, mistaken or deceived as to Plaintiff's affiliation, connection, association, origin, sponsorship or approval of such goods.

80. Defendant's wrongful acts have caused, and if not enjoined will continue to cause, irreparable and continuing harm to Plaintiff, Plaintiff's Product Configuration Trade Dress, business, reputation and goodwill. Plaintiff has no adequate remedy at law because monetary damages are inadequate to compensate Plaintiff for injuries caused by Defendant.

COMPLAINT
CASE NUMBER 2:26-CV-01836 - 16

**K&L GATES LLP**
**925 FOURTH AVENUE**
**SUITE 2900**
**SEATTLE, WASHINGTON  98104-1158**
**TELEPHONE: +1 206 623 7580**
**FACSIMILE: +1 206 623 7022**

81.     As a result of Defendant's wrongful acts, Plaintiff has incurred damages in an amount to be proven at trial.

## FOURTH CLAIM FOR RELIEF
## COMMON LAW TRADE DRESS INFRINGEMENT

82.     Plaintiff re-alleges upon information and belief, and incorporates by reference, as if fully set forth herein, all of the preceding paragraphs.

83.     Defendant's acts alleged herein and specifically, without limitation, Defendant's use of the Infringing Drinkware Design infringes upon Plaintiff's exclusive trade dress rights in Plaintiff's Product Configuration Trade Dress.

84.     Defendant's use of the Infringing Drinkware Design is likely to cause confusion, or to cause mistake, or to deceive, as to an affiliation, connection, or association with Plaintiff, or as to Plaintiff's sponsorship or approval of Defendant's products, services and/or commercial activities.

85.     Defendant's acts alleged above constitute common law trade dress infringement and unfair competition.

86.     Defendant's wrongful acts have caused, and if not enjoined will continue to cause, irreparable and continuing harm to Plaintiff's Product Configuration Trade Dress, business, reputation and goodwill. Plaintiff has no adequate remedy at law because monetary damages are inadequate to compensate Plaintiff for injuries caused by Defendant.

87.     As a result of Defendant's wrongful acts, Plaintiff has incurred damages in an amount to be proven at trial.

## VI.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment against Defendant, as follows:

a.      An entry of judgment that:

COMPLAINT
CASE NUMBER 2:26-CV-01836 - 17

1612019308.1

**K&L GATES LLP**
**925 FOURTH AVENUE**
**SUITE 2900**
**SEATTLE, WASHINGTON  98104-1158**
**TELEPHONE: +1 206 623 7580**
**FACSIMILE: +1 206 623 7022**

i.   Plaintiff's '803 Patent was duly and legally issued, is valid, enforceable, and has been infringed by Defendant under 35 U.S.C. § 271;

ii.   Plaintiff's Product Configuration Trade Dress is valid and enforceable, and Defendant's acts complained of herein are unlawful as constituting unfair competition, false designation of origin, and trade dress infringement under 15 U.S.C. § 1125;

iii.   Defendant violated the Washington CPA under RCW 19.86.020; and

iv.   Defendant's acts constitute common law trade dress infringement;

b.   An issuance of permanent injunctive relief enjoining Defendant and all others acting in concert with Defendant and having knowledge thereof, from:

i.   continued infringement of the '803 Patent; and

ii.   continued infringement of Plaintiff's Product Configuration Trade Dress;

c.   An order requiring that Defendant deliver up for destruction all labels, signs, prints, advertisements, and other materials that infringe Plaintiff's trade dress rights, or are a result of any unfair competition or false designation of origin by Defendant under 17 U.S.C. § 1118;

d.   An award of damages sufficient to compensate Plaintiff for injury caused by Defendant's infringement;

e.   An accounting and award of all gains, profits and advantage arising from Defendant's infringement;

f.   A determination that Defendant's infringement has been willful, wanton and deliberate and that damages against it be increased on this basis to the maximum amount under 35 U.S.C. § 284 (Patent Act); 15 U.S.C. § 1117 (Lanham Act); and/or RCW 19.86.090 (Washington CPA);

g.   An award to Plaintiff of its attorneys' fees, expenses and costs incurred herein, including prejudgment and post judgment interest, under 35 U.S.C. § 285 (Patent

COMPLAINT
CASE NUMBER 2:26-CV-01836 - 18

1612019308.1

**K&L GATES LLP**
**925 FOURTH AVENUE**
**SUITE 2900**
**SEATTLE, WASHINGTON  98104-1158**
**TELEPHONE: +1 206 623 7580**
**FACSIMILE: +1 206 623 7022**

Act); 15 U.S.C. § 1117 (Lanham Act); and/or RCW 19.86.090 (Washington CPA); and

h. A grant of all other relief to which Plaintiff is entitled and such other relief as the Court deems just and equitable.

DATED this 28th day of May, 2026.

K&L GATES LLP

By: s/ Pam Kohli Jacobson
Pam Kohli Jacobson, WSBA No. 31810

s/ Ryan W. Edmondson
Ryan W. Edmondson, WSBA No. 41651

K&L GATES LLP
925 Fourth Avenue
Suite 2900
Seattle, Washington 98104-1158
Phone: (206) 370-7605
Pam.Jacobson@klgates.com
Ryan.Edmondson@klgates.com

*Attorneys for Plaintiff*
*MiiR Holdings, LLC.*

COMPLAINT
CASE NUMBER 2:26-CV-01836 - 19

1612019308.1

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022